# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| CORNELIUS D. WILKERSON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 2:15-cv-02522-STA-tmp |
| MYRON L. BATTS, | ) ) ) | |
| Respondent. | ) ) | |

# ORDER TO MODIFY THE DOCKET,
# DENYING PETITION PURSUANT TO 28 U.S.C. 2241,
# CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
# AND
# DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On August 5, 2015, Petitioner, Cornelius D. Wilkerson, Bureau of Prisons ("BOP") register number 19524-075, who was, at the time, an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"), filed a *pro* se Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition"). (§ 2241 Pet., ECF No. 1.) The habeas filing fee was paid on September 1, 2015. (Case initiation fee, ECF No. 5.) The Clerk shall record the respondent as FCI Memphis Warden Myron L. Batts.[1] For the reasons stated below, the § 2241 Petition is DENIED.

When the § 2241 Petition was filed, Wilkerson was serving a federal sentence. The § 2241Petition challenges an alleged BOP policy that only offenders serving sentences of at least

---

[1] The Clerk is directed to substitute Myron L. Batts for D.R. Stephens as respondent. *See* Fed. R. Civ. P. 25(d).

ten years are eligible for a twelve-month placement in a halfway house or community corrections facility. The § 2241 Petition asserts the following claims:

1.) Abuse of Discretion in community corrections center (C.C.C.) (Half-way House) consideration.
2.) Violations of the petitioner's constitutional rights to LIBERTY premised under the 14th Amendment.
3.) Violation of statutory law(s) found at 5 U.S.C. §552 (RULE-MAKING) procedures and 18 U.S.C. §2621 (PLACE OF IMPRISONMENT)

(§ 2241Pet. at 2, ECF No. 1.) Wilkerson sought an injunction ordering the Warden to grant him eight months' placement in a halfway house. (*Id.* at 7.)

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013) (citing U.S. Const., art. III, § 2). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011). "[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted); *see also Coalition for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) ("Under the 'case or controversy' requirement, we lack authority to issue a decision that does not affect the rights of the litigants."); *Sw. Williamson Cnty. Cmty. Ass'n, Inc. v. Slater*, 243 F.3d 270, 276 (6th Cir. 2001) (same). The mootness question turns on whether a federal court can afford a litigant any "effectual relief." *Coalition for Gov't Procurement*, 365 F.3d at 458.

A habeas petition that does not challenge the validity of a criminal judgment ordinarily is moot when the condition at issue has abated or the inmate has been transferred to another

facility. *Forbes v. Trigg*, 976 F.2d 308, 312 (7th Cir. 1992) (dismissing as moot habeas petition because petitioner had been released from segregation); *Thompson v. Smith*, 719 F.2d 938, 940-41 (8th Cir. 1983) (dismissing as moot habeas petition alleging harassment because petitioner was transferred to another prison). In this case, the BOP's Inmate Locator reflects that Wilkerson was released on July 1, 2016. *See* http://bop.gov/inmateloc/. Because Wilkerson is no longer in BOP custody, the Court is unable to order that the BOP transfer him to a halfway house.

Because the § 2241 Petition is moot, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for Respondent to show cause need not issue. The § 2241 Petition is **DENIED** as moot. Judgment shall be entered for Respondent.

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. United States Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("[A] federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition."); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party

seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

Because the § 2241 Petition is clearly moot, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[2]

IT IS SO ORDERED this 17th day of October, 2016.

                                                **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.